1 F.3d 1235
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Godfrey Llewellyn SPENCER, Defendant-Appellant.
 No. 92-5409.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: August 2, 1993.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. James C. Turk, Chief District Judge. (CR-91-138-R)
 J. Patterson Rogers, Danville, Virginia, for Appellant.
 E. Montgomery Tucker, United States Attorney, Karen B. Peters, Assistant United States Attorney, Roanoke, Virginia, for Appellee.
 W.D.Va.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Godfrey Llewellyn Spencer appeals from his conviction for conspiring to distribute cocaine in violation of 21 U.S.C. Sec. 846 (1988).* Spencer argues that there was insufficient evidence to prove any agreement which would constitute a conspiracy. Because we find sufficient evidence to support his conviction, we affirm.
 
 I.
 
 2
 The evidence at trial demonstrated that Spencer was involved in a cocaine distribution ring. An informant, Wayne Power, testified that he purchased, on several occasions, cocaine from street sellers in the parking lot of a local convenience store. In addition, Power stated that Spencer was regularly in the parking lot, observing the sales from his truck and that the street sellers would often obtain the cocaine from Spencer. Power testified that co-defendant Donzell Thompson, a man who was frequently seen with Spencer, stated that if he did not have the cocaine, he knew where to acquire it. Power testified that, on one occasion, he was unable to obtain the quantity of cocaine he desired but was told, by a street seller, after the man conferred with Spencer, if he returned the next evening, the cocaine would be available.
 
 
 3
 A second informant testified that the street sellers regularly purchased the cocaine from Spencer. Street seller Ricky Hubbard stated that Spencer "had people selling cocaine for him."
 
 
 4
 A number of the street sellers testified that they obtained their cocaine from Spencer, either by purchasing it directly from him or by obtaining it from Thompson.
 
 II.
 
 5
 Spencer argues that there was insufficient evidence to prove any agreement which would constitute a conspiracy. In evaluating the sufficiency of evidence to support a conviction, we view the evidence in the light most favorable to the government, and determine if any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Furthermore, we accord the benefit of all reasonable inferences to the government. Tresvant, 677 F.2d at 1021. Finally, we do not review the credibility of the witnesses. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).
 
 
 6
 The elements of the crime of conspiracy are: "(1) an agreement between two or more persons ..., (2) to commit in concert an unlawful act." See United States v. Giunta, 925 F.2d 758, 764 (4th Cir. 1991). Circumstantial evidence may be used as proof of a conspiracy. Id. Furthermore, the existence of a conspiracy may be inferred from "circumstances indicating that two or more persons acted in concert to achieve an illegal goal." United States v. Laughman, 618 F.2d 1067, 1074 (4th Cir.), cert. denied, 447 U.S. 925 (1980).
 
 
 7
 In considering circumstantial, as well as direct evidence, and allowing the government the benefit of all reasonable inferences from the facts proven to those sought to be established, Tresvant, 677 F.2d at 1021, we find the evidence sufficient to prove that, in the very least, Spencer and Thompson acted in concert to distribute cocaine. The men were regularly seen conversing before drug transactions. Thompson sold cocaine obtained from Spencer's truck to both informants. Accordingly, we affirm the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Spencer was also convicted for distributing cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1) (West 1981 & Supp. 1992), and for aiding and abetting named individuals in the sale of cocaine in violation of 18 U.S.C. Sec. 2 (1988), but does not contest those convictions on appeal